Kristin A. Schuler-Hintz, Esq., Nevada SBN 7171                    E-filed: 9/8/2009
Seth J. Adams, Esq., Nevada SBN 11034
McCarthy & Holthus, LLP
811 South Sixth Street
Las Vegas, NV  89101
Phone (702) 685-0329 ext 3748
Fax (866) 339-5691
khintz@mccarthyholthus.com
SAdams@mccarthyholthus.com

Attorney for Secured Creditor, Wells Fargo Bank, N.A., as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-S1, its assignees and/or successors and the servicing agent LITTON LOAN SERVICING, LP

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 09-18574-MKN |
| | ) |
| Chad D. Casas, | ) Chapter  13 |
| Christine C. Casas, | ) |
| | ) **WELLS FARGO BANK, N.A., AS** |
| Debtors | ) **INDENTURE TRUSTEE OF THE** |
| | ) **FIELDSTONE MORTGAGE** |
| | ) **INVESTMENT TRUST, SERIES 2006-S1'S** |
| | ) **MOTION FOR RELIEF FROM** |
| | ) **AUTOMATIC STAY** |
| | ) |
| | ) HEARING: |
| | ) DATE:   09/30/09 |
| | ) TIME:    1:30 pm |
| | CTRM:   2 |
| | PLACE:  300 Las Vegas Boulevard, South |
| | Las Vegas, NV |

**WELLS FARGO BANK, N.A., AS INDENTURE TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-S1**, its assignees and/or successors in interest and the servicing agent LITTON LOAN SERVICING, LP ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts

necessary to foreclose under the Deed of Trust secured by the Debtors' property, commonly known as 9016 Exultation Court, Las Vegas, NV 89149 ("Property" herein).

Secured Creditor is the payee of a Promissory Note dated 04/11/2006, in the principal amount of $58,522.00, which is secured by the Deed of Trust of the same date, and recorded in the Official Records of Clark County, Nevada on 4/27/2006 (**see Exhibit "1"**).

The Debtors filed the subject bankruptcy petition on 05/26/2009.

Debtors intend to **surrender** the subject property. **(see Exhibits "2" & "3").**

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Deed of Trust, the following is now due:

| | | |
|---|---|---|
| Unpaid Principal Balance: | $ | 57,881.90 |
| POST-PETITION DELINQUENCIES: | | |
| Monthly Payments:        3        at      $581.78 (06/01/09 through 08/01/09) | $ | 1,745.34 |
| Late Charges: | $ | 87.27 |
| Bankruptcy Attorney Fee: | $ | 650.00 |
| Bankruptcy Filing Fee: | $ | 150.00 |
| **Total Delinquencies:** | **$** | **2,632.61** |
| **Total Principal Balance and Delinquencies Due:** | **$** | **60,514.51** |

The next scheduled monthly payment is due September 1, 2009, and continuing each month thereafter. Late charges will accrue if payment is not received by the 15th of the month when due.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust, including the

unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order permitting Movant, at its option, to offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law, said agreement would be non-recourse unless included in a reaffirmation agreement, and permitting Movant to contact the Debtor via telephone or written correspondence to offer such an agreement.

3. For an Order that the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

5. For attorneys' fees and costs incurred herein.

6. For a waiver of the requirement that the Trustee be provided with the Order for signature prior to filing it with the Court (if the Motion is unopposed).

7. For such other relief as the Court deems proper.

Dated: September 8, 2009                    McCarthy & Holthus, LLP


                                            _____
                                            /s/ Seth J. Adams
                                            Seth J. Adams, Esq.
                                            Attorney for Secured Creditor