# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this     11th     day of April, 2006    , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to
            FIELDSTONE MORTGAGE COMPANY
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

   9016 EXULTATION COURT, LAS VEGAS, Nevada 89149
                    [Property Address]
The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in


(the "Declaration"). The Property is a part of a planned unit development known as
            TAPESTRY

                [Name of Planned Unit Development]
(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.
   **PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:
   **A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

**MULTISTATE PUD RIDER** - Single Family/Second Mortgage                                3/99
                         Page 1 of 3                 Initials
**VMP-207R** (0402)     VMP Mortgage Solutions, Inc. (800)521-7291

**EXHIBIT 1**

**B. Hazard Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

VMP-207R (0402)          Page 2 of 3          Initials: [signature]          3/99

**EXHIBIT 1**

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)         *[signed: Christine Casas]* _____ (Seal)
                        -Borrower         CHRISTINE CASAS                         -Borrower

_____ (Seal)         *[signed: Chad Casas]* _____ (Seal)
                        -Borrower         CHAD CASAS                              -Borrower

_____ (Seal)         _____ (Seal)
                        -Borrower                                                 -Borrower

_____ (Seal)         _____ (Seal)
                        -Borrower                                                 -Borrower

VMP-207R (0402)                         Page 3 of 3                               3/99

**EXHIBIT 1**

## BALLOON MORTGAGE DISCLOSURE
(Please Read Carefully)

The loan you have requested provided for 180 monthly payments of principal and interest and a single balloon payment at maturity. Since the monthly payments are calculated based on a 30 year loan term rather than this loan's 15 year term, the payments are lower than would be necessary to pay off the loan's balance within its term. Assuming that all of the monthly payments are paid exactly on the date that each is due, a final payment of the then outstanding principal balance plus all earned interest remaining("Balloon Payment" amount) is estimated to be in the amount of the final payment on your Truth in Lending Disclosure. The Balloon Payment is due in 15 years on the "Maturity Date" of the loan.

Unless otherwise expressly disclosed in the Note, or in an Addendum or a Rider to the Note, the LENDER IN THIS TRANSACTION IS UNDER NO OBLIGATION TO REFINANCE THE OUTSTANDING PRINCIPAL BALANCE OF THIS LOAN DUE ON THE MATURITY DATE. You may be required to payoff the entire principal balance, plus any unpaid interest due thereon, on the maturity date using personal assets. *If this Lender, or any other Lender, agrees to refinance the outstanding balance due on the maturity date, you may be required to pay the then prevailing interest rate, which may be higher or lower than the interest rate specified in the Note, plus loan origination costs and fees as are typically incurred when creating a new loan.*

ACKNOWLEDGMENT:

I/We hereby acknowledge receipt of the above notice concerning the balloon payment provisions of this loan. I/We further acknowledge that these provisions are understood by and are acceptable to me/us.

_____    4-21-06
CHRISTINE CASAS                     Date

_____    4-21-06
CHAD CASAS                          Date

_____
                                    Date

_____
                                    Date

**EXHIBIT 1**

## EXHIBIT 'A'

**Parcel I:**

Lot 138 in Block 3 of Astoria at Town Center - South, as shown by map thereof on file in Book 115 of Plats, Page 58, in the Office of the County Recorder of Clark County, Nevada and amended by Certificate of Amendment recorded May 19, 2004 of Official Records as Document No. 03225.

**Parcel II:**

An easement for ingress and egress over private streets and limited use common elements as shown and delineated on said map.

EXHIBIT 1

# NOTE

| APRIL 11 2006 | LAS VEGAS, | NEVADA |
|---|---|---|
| *Date* | *City* | *State* |

| 9016 EXULTATION COURT, | LAS VEGAS, | Nevada | 89149 |
|---|---|---|---|
| | *Property Address* | | |

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 58,522.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is

**FIELDSTONE MORTGAGE COMPANY**

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of 11.550 %.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 581.78.

I will make my payments on the first day of each month beginning on June 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on May 1, 2021, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at 11000 BROKEN LAND PKWY, #600 COLUMBIA, MD 21044 or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment, but not less than U.S. $ $2.00 and not more than U.S. $ 29.09. I will pay this late charge only once on any late payment.

### (B) Notice From Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me

### (C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated APRIL 11, 2006, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

---

**NEVADA** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3929

Page 1 of 2

(...)-75(NV) (0204).01     VMP MORTGAGE FORMS - (800)521-7291     Initials: [signature]

**EXHIBIT 1**

### 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

### 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

### 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

_/s/ Christine Casas_ (Seal)     _/s/ Chad Casas_ (Seal)
-Borrower     -Borrower
CHRISTINE CASAS     CHAD CASAS

_____ (Seal)     _____ (Seal)
-Borrower     -Borrower

_____ (Seal)     _____ (Seal)
-Borrower     -Borrower

_____ (Seal)     _____ (Seal)
-Borrower     -Borrower

*[Sign Original Only]*

-75(NV) (0204).01     Page 2 of 2     Form 3929

EXHIBIT 1

B6A (Official Form 6A) (12/07)

In re **Chad D Casas,**
     **Christine C Casas**
                               Debtors

Case No. _____

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **9016 Exullation Crt. LV, NV**rental*** ****SURRENDER*** | mortgage | J | 150,000.00 | 290,235.00 |

|  |  |  |
|---|---|---|
|  | Sub-Total > **150,000.00** | (Total of this page) |
|  | Total > **150,000.00** |  |
|  | (Report also on Summary of Schedules) |  |

__0__ continuation sheets attached to the Schedule of Real Property

**EXHIBIT 2**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037      Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re  **Chad D Casas,**
     **Christine C Casas**
_____,
                   Debtors

Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.
    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.
    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".
    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)
    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **061907590137**<br><br>**Gmac**<br>**Po Box 12699**<br>**Glendale, AZ 85318** | | J | Opened 7/01/05 Last Active 2/20/09<br>auto loan<br>2005 GMC Sierra***retain/current***<br>71515 miles<br><br>Value $ 15,800.00 | | | | 17,247.00 | 1,447.00 |
| Account No. **n/a**<br><br>**Interlink**<br>**542 W. Confluence Ave.**<br>**Salt Lake City, UT 84123** | | J | auto loan<br>2008 Chevy Express***surrender****Business Truck***<br>11222 miles<br><br>Value $ 25,700.00 | | | | 35,020.00 | 9,320.00 |
| Account No. **91097055**<br><br>**Litton Loan Servicing**<br>**Attention: Bankruptcy**<br>**4828 Loop Central Drive**<br>**Houston, TX 77081** | | J | Opened 4/11/06 Last Active 12/06/07<br>first mortgage<br>9016 Exullation Crt. LV, NV**rental*** ****SURRENDER***<br><br>Value $ 150,000.00 | | | | 232,353.00 | 82,353.00 |
| Account No. **91162735**<br><br>**Litton Loan Servicing**<br>**Attention: Bankruptcy**<br>**4828 Loop Central Drive**<br>**Houston, TX 77081** | | J | Opened 4/01/06 Last Active 11/19/08<br>second mortgage<br>9016 Exullation Crt. LV, NV**rental*** ****SURRENDER***<br><br>Value $ 150,000.00 | | | | 57,882.00 | 57,882.00 |

___**1**___ continuation sheets attached

Subtotal
(Total of this page)

342,502.00     151,002.00

# EXHIBIT 3

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re **Chad D Casas,**
   **Christine C Casas**
   _____,
                   Debtors

Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 518321237858 Wfs Financial/Wachovia Dealer Services 2143 Convention Center Way #200 Ontario, CA 91764 | | J | Opened 10/01/06 Last Active 2/27/09 auto loan 2006 Cadillac STS***surrender**** 36936 miles Value $ 35,700.00 | | | | 46,289.00 | 10,589.00 |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (Total of this page)  46,289.00   10,589.00

Total (Report on Summary of Schedules)  ~~380,791.00~~  161,591.00

EXHIBIT 3